**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| INSIGHT INVESTMENTS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation,<br><br>Defendant. | ) | Case No.: CIV-20-788-G |
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, a New Hampshire corporation,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SASHA M. BELL, an individual; and MANSOUR KHAYAL, an individual,<br><br>Third-Party Defendants. | ) | |

**NORTH AMERICAN SPECIALTY INSURANCE COMPANY'S MOTION TO CLARIFY AND/OR RECONSIDER COURT ORDER**

Defendant/third-party plaintiff, North American Specialty Insurance Company ("NAS"), moves the Court to clarify and/or reconsider its February 5, 2021 Order [Dkt. 33] denying NAS' partial motion to dismiss the bad faith claim of plaintiff, Insight Investments, LLC ("Insight") [Dkt. 21].

United Excel Corporation ("United") and the United States Army Corps of Engineers ("USACE") executed a written contract for the modernization of, and HVAC

repairs to, an existing dental clinic at Vance Air Force Base in Enid, Oklahoma ("Project"). Thereafter, United and Icon Construction, Inc. ("Icon") entered into a written subcontract in connection with the Project. NAS issued a payment bond ("Bond") on behalf of Icon.

Insight initially filed suit against NAS on August 10, 2020 [Dkt. 1] and amended its complaint on October 12. [Dkt. 15]. Insight alleges it is a proper "claimant"/third-party beneficiary[1] under the Bond because it supposedly leased a temporary phasing facility ("TPF") to the Project and has not been paid by Icon. Insight has asserted breach of contract and bad faith claims against NAS. On November 5, 2020, NAS filed a partial motion to dismiss only Insight's bad faith claim.[2] In its motion, NAS argued that even if Insight ultimately proves it meets the Bond definition of "claimant" and, therefore, qualifies as a third-party beneficiary, the special relationship necessary to create a legal duty of good faith and fair dealing did not exist between Insight and NAS. NAS did not challenge Insight's breach of contract action in its motion, noting that Insight's purported status as a legitimate Bond "claimant" was beyond the scope of its motion, hotly contested, and not ripe for determination.

The Court denied NAS' motion to dismiss on February 5, 2021. In its Order, the Court states:

---

[1] The term "claimant" is defined in the Bond as, "one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service, or rental of equipment directly applicable to the subcontract." (Paragraph 15, Dkt. 15).

[2] To preserve all issues in the event of an appeal, NAS adopts and incorporates herein by reference all arguments made in its partial motion to dismiss.

> In sum, the language employed in the Bond, coupled with NASIC's concession that Insight is a 'claimant,' impels the conclusion that Insight is a third-party beneficiary of the Bond… (Page 7 of Dkt. 33).

NAS is concerned that this statement could be misconstrued as a merits determination that Insight does, in fact, meet the Bond definition of "claimant." The purpose of this motion is to obtain clarification from the Court that it did not intend to declare, sua sponte, that Insight is entitled to recover under the Bond on its breach of contract action. If that was the Court's intention, then NAS is requesting that the Court reconsider and vacate that portion of its Order since it would be contrary to law as discussed below.

NAS has never conceded that Insight qualifies as a "claimant," as that term is used in the Bond. Quite the opposite is true. Throughout its briefing, NAS repeatedly denied that Insight was entitled to recover under the Bond; disputed Insight's contention that it is a proper Bond "claimant;" indicated its investigation had revealed that Insight simply loaned money to Icon and did not furnish labor or materials used and consumed in the Project; and, pointed out that Insight's contract claim was hotly contested, beyond the scope of NAS' motion, and not ripe for consideration since it would require discovery and matters outside the pleadings to resolve.[3] (Page 2 of Dkt. 21 and Pages 1 and 2 of Dkt. 23). Thus, if the Court based its determination on an alleged "concession that Insight is a 'claimant,'" NAS requests the Court reconsider its findings and ruling.

---

[3] NAS' counsel confirmed when arguing the dismissal motion on February 3, 2021 that NAS disputed Insight's purported status as a Bond "claimant"/third-party beneficiary.

Without question, Insight pled that it was a proper Bond "claimant" and third-party beneficiary which, given the Court's legal analysis, would be sufficient to overcome NAS' dismissal motion. Presumably, that is what the Court meant in its Order – that Insight's suit allegations compelled the denial of NAS' motion. However, if that was not the Court's intent, NAS respectfully submits it was premature for the Court to determine based solely on the pleadings that Insight is, in fact, a "claimant"/third-party beneficiary under the Bond. That issue was not before the Court on NAS' partial motion to dismiss and, as repeatedly noted by NAS, is a hotly contested suit allegation that was not being presented for consideration.[4] In short, the Court should not have made any binding factual determinations in connection with ruling on NAS' motion to dismiss. As noted in *Homeyer v. Stanley Tulchin Associates, Inc.*, 91 F.3d 959, 962 (7th Cir. 1996):

> Second, we find premature the district court's conclusion that Homeyer cannot establish that her major life function of working is substantially limited because she cannot prove that "her sensitivity to ETS" forecloses her ability to work as a typist. The court's conclusion is necessarily based on the finding that there are sufficient typist positions in smoke-free environments in Homeyer's geographical area, which would enable Homeyer to work with her condition. Again, however, this conclusion is a factual determination, and is therefore not the type of finding that is generally appropriately made on a motion to dismiss.

It is inappropriate for a court to make a factual determination on the pleadings in the context of a motion to dismiss. See, also, *Muti v. Schmidt*, 96 Fed. Appx. 69, 77 (3d Cir. 2004) (unpublished), vacated (Aug. 12, 2004), superseded, 118 Fed. Appx. 646 (3d Cir.

[4] It should be noted that NAS' dismissal motion was not treated as motion for partial summary judgment and Insight offered no evidence in support of its contention that it qualifies as a proper Bond "claimant"/third-party beneficiary.

2004) (unpublished); and *Wyler Summit Partn. v. Turner Broad. System, Inc.*, 135 F.3d 658, 663-664 (9th Cir. 1998).

NAS respectfully requests that the Court clarify its references to concessions supposedly made by NAS and, more importantly, make it clear that the Court has not, sua sponte, determined that Insight is a proper Bond "claimant" and third-party beneficiary entitled to recover on its breach of contract claim. The Court's February 5, 2021 Order should have no bearing on Insight's burden of proving its contract action against NAS.

Respectfully submitted,

s/ Robert L. Magrini

Robert L. Magrini, OBA #12385
Evan B. Gatewood, OBA #13412
Christopher D. Skelton, OBA #32920
1220 North Walker
Oklahoma City, Oklahoma 73103
Telephone: (405) 235-9922
Facsimile: (405) 235-6611
E-Mail: robert@hmglawyers.com
egatewood@hmglawyers.com
cskelton@hmglawyers.com

*Attorneys for Defendant/Third-Party Plaintiff, North American Specialty Insurance Company*

## CERTIFICATE OF MAILING

I hereby certify that on March 5, 2021, the foregoing document was e-mailed to:

P. Scott Hathaway
Chris M. Warzecha
**CONNER & WINTERS, LLP**
4000 One Williams Center
Tulsa, Oklahoma 74172
shathaway@cwlaw.com
cwarzecha@cwlaw.com

Scott R. Hoyt
**PIA ANDERSON MOSS HOYT, LLC**
904 Meadow Lane
Southlake, Texas 76092
SHoyt@pamhlaw.com

s/ Robert L. Magrini
Robert L. Magrini