**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **INSIGHT INVESTMENTS LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-20-788-G** |
| **NORTH AMERICAN SPECIALTY INSURANCE COMPANY** | ) | |
| **Defendant.** | ) | |
| **NORTH AMERICAN SPECIALTY INSURANCE COMPANY,** | ) | |
| **Third-Party Plaintiff,** | ) | |
| **v.** | ) | |
| **SASHA M. BELL, et al.,** | ) | |
| **Defendants.** | ) | |

## ORDER

Now before the Court is the Motion (Doc. No. 36) of Defendant North American Specialty Insurance Company ("NASIC") to clarify or reconsider the Court's February 5, 2021 Order (Doc. No. 33) denying NASIC's Partial Motion to Dismiss.[1] As set forth below, the Court GRANTS the Motion insofar as it seeks clarification of the Order and DENIES the Motion in all other respects.

[1] Plaintiff Insight Investments LLC ("Insight") has responded in opposition (Doc. No. 37).

Insight asserted claims against NASIC for breach of contract and bad faith. *See* Am. Compl. (Doc. No. 15). NASIC sought dismissal of Insight's bad-faith claim, arguing, among other things, that *even if* Insight were deemed a bond "claimant" entitled to recover for breach of contract under a third-party beneficiary theory, "Insight would still lack legal standing to sue [NASIC] for bad faith." Def.'s Mot. to Dismiss (Doc. No. 21), at 4. NASIC explicitly stated that Insight's status as a bond "claimant" was "beyond the scope of" its motion to dismiss and that the "narrow legal issue" before the Court was whether "purported third-party beneficiaries, such as Insight, <u>automatically</u> have legal standing to sue for bad faith damages." *Id.* at 2; Def.'s Reply (Doc. No. 23) at 1 (emphasis in original).

Based on NASIC's own representation about the scope of its motion to dismiss, the Court proceeded to evaluate whether Insight had legal standing to pursue a bad-faith claim against NASIC assuming, without deciding, that Insight otherwise satisfies the definition of a bond "claimant."[2] *See* Order of Feb 5, 2021 (Doc. No. 33), at 5-7. The Court concluded that, based on the plain language used in the bond, Insight could "proceed against NASIC on a theory of bad faith." Id. at 7.

In the instant Motion, NASIC asks the Court to clarify "that it did not intend to declare . . . that Insight is entitled to recover . . . on its breach of contract claim." Def.'s Mot. at 3. The Court GRANTS the Motion to that extent and clarifies that the Order only

[2] The Court explained that a third-party claimant's standing to bring a bad-faith claim against an insurer is not automatic, but rather, "depends on the intent of the contracting parties as reflected in the insurance policy." Order of Feb. 5, 2021 at 5 (citing *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1230 (10th Cir. 2012)).

addresses Insight's bad-faith claim and expresses no opinion on the merits of Insight's breach-of-contract claim.

IT IS SO ORDERED this 24th day of June, 2021

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge