## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INSIGHT INVESTMENTS, LLC, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-20-788-G** |
| | ) |
| NORTH AMERICAN SPECIALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| **Defendant.** | ) |

## <u>ORDER</u>

Now before the Court is Defendant North American Specialty Insurance Company's ("NASIC") Motion for Attorney's Fees (Doc. No. 165), seeking an award of attorney's fees under title 12, section 936 of the Oklahoma Statutes.  Plaintiff Insight Investments, LLC ("Insight") has responded (Doc. No. 169), and NASIC has filed a Reply (Doc. No. 172).

## I.

This case involves contracts relating to a construction project overseen by the U.S. Army Corps of Engineers for the renovation of a medical facility at Vance Air Force Base near Enid, Oklahoma (the "Project").  United Excel Corporation ("UEC") was the prime contractor for the Project.  UEC subcontracted with Icon Construction, Inc. ("Icon") to design, manufacture, and install modular buildings as a temporary medical and office facility during construction, which the parties and agreements referred to as the "Temporary Phasing Facility" or "TPF."  NASIC issued a "Subcontract Labor and Material Payment Bond" (the "Bond") on behalf of Icon to ensure payment for labor and material

used in the performance of the subcontract between Icon and UEC.  *See* Def.'s Mot. Summ. J., Ex. 4 (Doc. No. 77-4).

After the execution of the UEC-Icon Subcontract, the issuance of the Bond, and the construction and delivery of the TPF, Icon entered into a transaction with Insight (the "Financial Transaction"), whereby Insight agreed to pay Icon $410,000 immediately in exchange for monthly payments over the course of the Project and a share of the proceeds from selling the TPF after the Project was completed.  Icon failed to make the required monthly payments to Insight.  Op. & Order of May 23, 2022 (Doc. No. 162) at 2, 10-11.

Insight submitted a claim to NASIC under the Bond, asserting that it qualified as a "claimant" as that term is defined in the Bond.  NASIC denied the claim, stating that Insight did not provide labor or material to Icon for use in the performance of the subcontract.  *See* Pl.'s Mot. Partial Summ. J., Ex. 6 (Doc. No. 45-1, at 29-33) at 32.

This litigation followed.  Both parties moved for summary judgment in their favor. Insight moved for partial summary judgment on its claims for breach of contract and for breach of the duty of good faith and fair dealing under Oklahoma law, asking the Court to find: (1) that Insight supplied "materials" to Icon in fulfillment of Icon's subcontract with UEC; and (2) that Insight was therefore a proper claimant under the Bond.  *See* Pl.'s Mot. Partial Summ. J. (Doc. No. 45) at 1.  NASIC moved for summary judgment on the basis that Insight was not a proper claimant under the Bond.  *See* Def.'s Mot. Summ. J. (Doc. No. 77) at 8.

The Court denied Insight's Motion for Partial Summary Judgment and granted NASIC's Motion for Summary Judgment. As detailed in the Court's Opinion and Order, the Court found that the Bond was not intended to encompass as a materials supplier a party who, after Icon finished building the TPF, purchased the TPF and leased it back to Icon. *See* Op. & Order at 18-19. The Court found that Insight only provided financing, not materials, to Icon and that to count Insight as a supplier "would be to allow Icon to unilaterally expand the potential liability of NASIC on the Bond, essentially making NASIC the guarantor of Insight's provision of funding to Icon." *Id.* at 19.

## II.

Having secured summary judgment in its favor, NASIC now seeks attorney's fees pursuant to title 12, section 936 of the Oklahoma Statutes. Section 936 provides in relevant part: "In any civil action to recover for labor or services rendered . . . , unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs." Okla. Stat. tit. 12, § 936(A).[1] NASIC contends that, because Insight pleaded that Insight supplied labor, materials, or both to Icon (and could therefore collect under the Bond), Insight is now liable for attorney's fees under section 936, despite the Court having determined that Insight provided only financing. *See* Def.'s Mot. Att'y's Fees at 4. Insight objects, making arguments based on waiver, the Court's prior holding regarding the nature

---

[1] Attorney fees are a substantive matter controlled by state law in federal diversity cases. *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1001 (10th Cir. 2008).

of Insight's relationship with Icon, and the manner in which NASIC calculated its requested attorney's fees.  *See* Pl.'s Resp. at 2.

Oklahoma narrowly interprets section 936.  *N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency Inc.*, 401 F. App'x 341, 344 (10th Cir. 2010) (citing *Eagle Bluff, L.L.C. v. Taylor*, 237 P.3d 173, 180 (Okla. 2010)).  Relying on Oklahoma Supreme Court precedent, the Tenth Circuit has construed section 936 to apply "only to actions for the collection of monetary consideration promised as payment for the receipt of property, labor[,] or services."  *Id.* (emphasis and internal quotation marks omitted).  Courts look to the "gravamen of the action" to determine if section 936 applies.  *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 652 (Okla. 1991).  Stated differently, "[i]t is the underlying nature of the suit itself" that determines whether fees are available under the statute.  *Burrows Constr. Co. v. Indep. Sch. Dist. No. 2 of Stephens Cnty.*, 704 P.2d 1136, 1138 (Okla. 1985).  If the action is brought for damages arising "directly from the rendition of labor or services," "such as a failure to pay for those services," the "labor or services" provision of section 936 is applicable.  *Id.*  If the action is brought for damages "arising from the breach of an agreement *relating to* labor and services," the provision may not apply.  *Id.* (emphasis added).

The Court finds that this suit was brought to collect money allegedly owed by Icon to Insight under the terms of the Financial Transaction, not for labor or services rendered. Icon having declared bankruptcy, Insight sought to collect under the Bond and pleaded its claims to mirror the Bond's definition of "claimant."  Ultimately, the Court disagreed and awarded summary judgment to NASIC.  Because fees under section 936 are available only

to the prevailing party in an action to collect on labor or services rendered, and having awarded summary judgment to NASIC on the basis that Insight did not render labor or services, the Court may not properly conclude that NASIC is entitled to fees under that statutory provision.

NASIC contends that what matters is what Insight pleaded in seeking relief in this action. *See* Def.'s Mot. Att'y's Fees at 4 (arguing that the basis of NASIC's success in this action is immaterial because "Insight brought this action under §936" (emphasis omitted)). Even assuming that NASIC has accurately characterized Insight's arguments, the Court is not persuaded. First, relying on the plaintiff's allegations alone would be inconsistent with Oklahoma's command to look to the "gravamen of the action" and beyond the technicalities of the suit. *Kay*, 806 P.2d at 652; *see Meuers Law Firm v. Reasor's, LLC*, No. 16-CV-208-GKF-JFJ, 2020 WL 8717106, at *5 (N.D. Okla. Sept. 17, 2020) ("Whether the claim is technically contractual or extracontractual is not determinative."). Second, such an approach would be untenable because it would allow parties to unilaterally expand the scope of section 936.

Insight sued to collect money owed under the Financial Transaction, a contract only "collaterally relat[ed] to" the contract for labor and services between Icon and UEC. *Burrows Constr. Co.*, 704 P.2d at 1138. Because the gravamen of the suit was not for "damages ar[ising] directly from the rendition of labor or services," NASIC may not obtain an award of fees under title 12, section 936 of the Oklahoma Statutes. *Id.*

CONCLUSION

For the foregoing reasons, Defendant North American Specialty Insurance Company's Motion for Attorney's Fees (Doc. No. 165) is DENIED.

IT IS SO ORDERED this 27th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge