UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INSIGHT INVESTMENTS, LLC,        )<br>                                                          )<br>      Plaintiff,                              )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>NORTH AMERICAN SPECIALTY   )<br>INSURANCE COMPANY,             )<br>                                                          )<br>      Defendant.                           )<br>_____)<br>                                                          )<br>NORTH AMERICAN SPECIALTY   )<br>INSURANCE COMPANY,             )<br>                                                          )<br>      Third-Party Plaintiff,             )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>SASHA M. BELL,                          )<br>                                                          )<br>      Third-Party Defendant.       )  | Case No. CIV-20-788-G |

**ORDER**

The primary litigants in this case are Plaintiff Insight Investments, LLC ("Insight") and Defendant North American Specialty Insurance Company ("NASIC"). Insight asserted claims against NASIC for breach of contract and breach of the duty of good faith and fair dealing under Oklahoma law.[1] By Opinion and Order dated May 23, 2022, the Court granted summary judgment to NASIC on both of Insight's claims and denied

---

[1] In addition to its claim for breach of contract, Insight separately pleaded claims for "Bad Faith" and "Breach of the Duty of Good Faith and Fair Dealing." *See* Am. Compl. ¶¶ 48-55, 65-73 (Doc. No. 15). Because these claims represent the same cause of action under Oklahoma law, the Court has treated them as a single claim.

Insight's motion for partial summary judgment relative to those claims. *See* Op. & Order of May 23, 2022 (Doc. No. 162).

What remained then were NASIC's third-party claims against alleged indemnitor Sasha M. Bell. For various reasons those claims have not yet progressed to conclusion, which ultimately is the Court's responsibility. As a result, the Court raised with counsel the possibility that the Court's ruling on Insight's claims against NASIC be certified for appeal pursuant to Federal Rule of Civil Procedure 54(b). The parties have submitted supplemental briefing on that issue. *See* Doc. Nos. 185, 186, 187, 188.

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court finds that such a final judgment should be entered and that its Opinion and Order of May 23, 2022 (Doc. No. 162), should be certified for appeal pursuant to Rule 54(b), based upon the following considerations.

First, the Court concludes that its summary judgment ruling is "final" as to Insight's two claims against NASIC, because it is a decision on the merits "upon . . . cognizable claim[s] for relief" and an "ultimate disposition" of those claims. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted); *see* Op. & Order at 20 ("NASIC is entitled to judgment [as] a matter of law as to both of Insight's claims against it.").

Second, the Court finds there is "no just reason to delay review" of the Opinion and Order until the Court has ruled on the remaining third-party claims. *Okla. Tpk. Auth. v.*

*Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).  In so finding, the Court notes that Insight's claims against NASIC are factually and legally distinct from the third-party claims regarding indemnification raised by NASIC against Third-Party Defendant Bell.  *Compare* Am. Compl. ¶¶ 48-73, *with* NASIC Third-Party Compl. ¶¶ 1-44 (Doc. No. 34).  It therefore does not appear that the appellate court "would have to decide the same issues more than once even if there were subsequent appeals."  *Curtiss-Wright Corp.*, 446 U.S. at 8.  The third-party claims are dependent upon a final resolution of the dispute between Insight and NASIC, and the Court has already ordered a separate trial setting for those third-party claims.  *See* Order of May 23, 2022 (Doc. No. 163).[2]  And Third-Party Defendant Bell has stipulated that she "agrees to be bound by this Court's decision regarding the payment bond claim asserted by [Insight]" against NASIC.  Joint Notice of Stipulation (Doc. No. 160) at 2.

## CONCLUSION

The Court finds that the relevant factors warrant certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which is hereby ORDERED.  A separate judgment shall be entered in Defendant NASIC's favor on Plaintiff Insight's claims.

IT IS SO ORDERED this 27th day of March, 2024.

CHARLES B. GOODWIN
United States District Judge

---

[2] The Court ordered "a separate trial" of the third-party claims as contemplated by Federal Rule of Civil Procedure 42(b).  Order of May 23, 2022, at 1; *see* Fed. R. Civ. P. 42(b).