UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INSIGHT INVESTMENTS, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH AMERICAN SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | Case No. CIV-20-788-G |
| ) | |
| NORTH AMERICAN SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SASHA M. BELL, ) | |
| ) | |
| Third-Party Defendant. ) | |

**ORDER**

Now before the Court is Defendant/Third Party-Plaintiff North American Specialty Insurance Company's ("NASIC") Motion for Rule 54(b) Certification (Doc. No. 208). No party has responded to the Motion in the time allowed by this Court's local rules.

The primary litigants in this case are Plaintiff Insight Investments, LLC ("Insight") and NASIC. Insight asserted claims against NASIC for breach of contract and breach of the duty of good faith and fair dealing under Oklahoma law. By Opinion and Order dated May 23, 2022, the Court granted summary judgment to NASIC on both of Insight's claims

and denied Insight's motion for partial summary judgment as to those claims. *See* Op. & Order of May 23, 2022 (Doc. No. 162).

On March 27, 2024, the Court denied NASIC's Motion for Attorney's Fees (Doc. No. 165), which sought statutory attorney fees from Insight for the cost incurred in defending itself against Insight's claims. *See* Attorney Fees Order (Doc. No. 189) at 3, 6.

What remained then were NASIC's third-party claims against alleged indemnitor Sasha M. Bell. *See* Third-Party Compl. (Doc. No. 34) ¶¶ 16-44.[1] The Court, cognizant of Insight's desire to appeal the Court's Opinion and Order, raised with counsel the possibility that the Court's ruling on Insight's claims against NASIC be certified for appeal pursuant to Federal Rule of Civil Procedure 54(b). Following briefing on the issue, the Court certified Insight's claims for appeal. *See* Certification Order (Doc. No. 191) at 3.

NASIC now asks the Court to certify the Attorney Fees Order for appeal. *See* NASIC's Mot. at 6.

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court finds that such a final judgment should be entered and that its Attorney Fees Order should be certified for appeal pursuant to Rule 54(b), based upon the following considerations.

---

[1] Contemporaneously with the issuance of this Order, the Court has granted summary judgment to NASIC on its breach-of-contract claim against Bell, leaving its related third-party equitable claims for relief pending. *See* Third-Party Compl. ¶¶ 22-44.

First, the Court concludes that the Attorney Fees Order is "final" as to NASIC's request for attorney fees against Insight, because it is a decision on the merits "upon a cognizable claim for relief" and an "ultimate disposition" of that claim. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (internal quotation marks omitted).

Second, the Court finds there is "no just reason to delay review" of the Attorney Fees Order until the Court has ruled on the remaining third-party equitable claims raised against Bell. *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). In so finding, the Court notes that NASIC's claim against Insight for attorney fees is factually and legally distinct from the remaining third-party equitable claims raised by NASIC. *Compare* NASIC's Mot. at 3-5, *with* Third-Party Compl. ¶¶ 1-15, 22-44. It therefore does not appear that the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8.

## CONCLUSION

Accordingly, the unopposed Motion for Rule 54(b) Certification (Doc. No. 208) is GRANTED.

The Court finds that the relevant factors warrant certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, which is hereby ORDERED. A separate judgment shall be entered in Plaintiff Insight's favor on Defendant NASIC's claim for attorney fees.

IT IS SO ORDERED this 20th day of September, 2024.

CHARLES B. GOODWIN
United States District Judge