UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INSIGHT INVESTMENTS, LLC,                )<br>                                                            )<br>      Plaintiff,                                    )<br>                                                            )<br>v.                                                         )      Case No. CIV-20-788-G<br>                                                            )<br>NORTH AMERICAN SPECIALTY     )<br>INSURANCE COMPANY,                  )<br>                                                            )<br>      Defendant.                                )<br>_____    )<br>                                                            )<br>NORTH AMERICAN SPECIALTY     )<br>INSURANCE COMPANY,                  )<br>                                                            )<br>      Third-Party Plaintiff,             )<br>                                                            )<br>v.                                                         )<br>                                                            )<br>SASHA M. BELL,                               )<br>                                                            )<br>      Third-Party Defendant.         )       | |

## **ORDER**

The Court previously stayed proceedings in this matter pending disposition of cross-appeals by Defendant North American Specialty Insurance Company ("NASIC") and Plaintiff Insight Investments, LLC ("Insight"). *See* Order of Oct. 21, 2024 (Doc. No. 220). On September 25, 2025, the Tenth Circuit affirmed the Court's Judgment of March 27, 2024 (Doc. No. 192) entered in favor of NASIC regarding Insight's claims against NASIC and reversed the Judgment of September 20, 2024 (Doc. No. 215) that denied NASIC's claim for an award of attorney fees. *See Insight Invs., LLC v. N. Am. Specialty Ins. Co.*, Nos. 24-6068, 24-6076, 2025 WL 2731548, at *1, *11 (10th Cir. Sept. 25, 2025). Due to

the reversal of the fees judgment, the matter was remanded "for further proceedings to determine the amount of the fee award." *Id.* at *11. After mandate issued, this Court, on December 8, 2025, lifted the stay and set a status conference "to discuss what claims and issues remain to be resolved." Order (Doc. No. 223).

A telephonic status conference was held on December 22, 2025. Appearing for Insight was attorney P. Scott Hathaway. Appearing for NASIC was attorney Tanner B. France. Appearing for Third-Party Defendant Sasha M. Bell was attorney Tina L. Izadi.

First, the Court heard argument from the parties regarding the Joint Stipulation of Dismissal with Prejudice (Doc. No. 225) filed on December 15, 2025, by Insight and NASIC. In that filing, Insight and NASIC represent that they have agreed to "dismiss[] Insight's action with prejudice . . . with each party to bear their own costs and attorneys' fees" pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The two parties also represent that the "dismissal does not impact, diminish or impair" NASIC's third-party action against Ms. Bell. *Id.* The Joint Stipulation was signed by counsel for Insight and NASIC but not Ms. Bell. *See id.*[1]

A "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Because the Joint Stipulation was not signed by Ms. Bell, it is not effective under Rule 41(a)(1)(A)(ii). Therefore, the Court rejects that filing as a valid dismissal of any claim or

---

[1] During the status conference, counsel for Ms. Bell declined to approve the dismissal of Insight's action against NASIC, citing a lack of information as to the settlement agreement between Insight and NASIC and its potential effect on NASIC's claims against Ms. Bell.

action. This ruling is without prejudice to any subsequent filing or request that would resolve the claims between Insight and NASIC.[2]

Second, the Court heard argument from NASIC and Ms. Bell regarding the claims that remain pending in the third-party action. As discussed, in order to allow the parties time to confer to attempt to resolve the matter if they can and to agree to a procedure for resolution if they cannot, the Court will set a status conference approximately 60 days from today's date to further discuss the remaining issues in the case. The Court DIRECTS NASIC and Ms. Bell to file, no later than one week prior to that status conference, a joint status report addressing (1) what claims between these parties remain pending and (2) the proper procedure to resolve those claims as well as the parties' requested schedule related to that procedure.

IT IS SO ORDERED this 23rd day of December, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] The Joint Stipulation of Dismissal filed on December 15, 2025, references only Insight's action against NASIC. It is not clear to the Court whether the Joint Stipulation, even if effective, would have disposed of NASIC's entitlement to attorney fees from Insight. It is also not clear whether dismissal of any claim between Insight and NASIC other than NASIC's claim for attorney fees would be effective without vacating or amending the March 27, 2024 Judgment and/or the September 20, 2024 Judgment. As discussed during the status conference, any subsequent filing should clarify precisely what the parties intend and, in particular, address the still-extant aspects of the Judgments.