**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

INSIGHT INVESTMENTS, LLC,                      )
a Delaware limited liability company,          )
                                               )
                  Plaintiff,                   )
                                               )
v.                                             )        Case No.: CIV-20-788-G
                                               )
NORTH AMERICAN SPECIALTY                       )
INSURANCE COMPANY, a New                       )
Hampshire corporation,                         )
                                               )
                  Defendant.                   )
NORTH AMERICAN SPECIALTY                       )
INSURANCE COMPANY, a New                       )
Hampshire corporation,                         )
                                               )
                  Third-Party Plaintiff,       )
                                               )
v.                                             )
                                               )
SASHA M. BELL, an individual,                  )
                                               )
                  Third-Party Defendant.       )

**JOINT MOTION FOR RELIEF FROM
JUDGMENT PURSUANT TO RULE 60**

Plaintiff Insight Investments, LLC ("Insight"), and defendant/third-party plaintiff,

North American Specialty Insurance Company ("NAS"), respectfully request that the

Court enter an Order deeming its March 27, 2024, judgment satisfied pursuant to Rule

60(b)(5) of the Federal Rules of Civil Procedure, representing to the Court as follows:

## PROCEDURAL HISTORY

1.      Insight filed this action on August 10, 2020, asserting claims against NAS for breach of contract and breach of the implied duty of good faith and fair dealing.  (Dkt. 1).  An amended complaint was filed by Insight on October 12, 2020.  (Dkt. 15).  NAS did not assert a counterclaim against Insight.

2.      On April 14, 2021, Insight filed a motion for partial summary judgment seeking a determination by this Court that it was a proper claimant under the surety bond issued by NAS.  (Dkt. 45).  On May 3, 2021, NAS filed its response.  (Dkt. 47).

3.      On September 27, 2021, NAS filed a motion for summary judgment seeking judgment as a matter of law on Insight's claims on the basis that Insight is not a proper claimant as defined in the surety bond.  (Dkt. 77).

4.      On May 23, 2022, the Court issued its Opinion and Order denying Insight's motion for partial summary judgment and granting NAS' motion for summary judgment.  (Dkt. 162).

5.      On June 6, 2022, NAS filed a motion for prevailing party attorneys' fees pursuant to 12 O.S. § 936.  (Dkt. 165).  Insight filed its response on June 21, 2022.  (Dkt. 169).

6.      On March 27, 2024, the Court issued its Order denying NAS' motion for attorneys' fees.  (Dkt. 189).  That same day, the Court entered judgment consistent with its May 22, 2022, Opinion and Order (the "Summary Judgment").  (Dkt. 192).  On April 10, 2024, Insight appealed the Court's Summary Judgment ruling.  (Dkt. 193).  On April 24,

2024, NAS filed a cross appeal of the Court's March 27, 2024, Order denying NAS' motion for attorneys' fees.  (Dkt. 199).

7.    On September 20, 2024, the Court entered final judgment consistent with its March 27, 2024, Order denying NAS' motion for attorneys' fees (the "Fee Order").  (Dkt. 215).

8.    On September 25, 2025, the 10th Circuit Court of Appeals issued its Order and Judgment affirming this Court's Summary Judgment ruling and reversing the denial of NAS' motion for attorneys' fees (the "Appellate Judgment").  The case was remanded for further proceedings to determine the amount of attorneys' fees to be awarded to NAS. (Dkt. 221).

9.    NAS and Insight have resolved NAS' attorneys fee claim through the settlement process.

**ARGUMENTS AND AUTHORITIES**

**I.    The Court should enter an Order pursuant to Rule 60(b)(5).**

The Court's Summary Judgment resolved all claims asserted by Insight against NAS.  There are no other claims pending by or between NAS and Insight.  The Summary Judgment was affirmed by the 10th Circuit's Appellate Judgment.  While the Fee Order was reversed and remanded, the parties have settled NAS' fee claim.  As such, the parties agree that the Court should enter an Order deeming the Summary Judgment, Fee Order, and Appellate Judgment fully satisfied pursuant to Federal Rule of Civil Procedure 60(b)(5).  Rule 60(b) states in pertinent part:

3

**(a) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) **The judgment has been satisfied**, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not longer equitable; or

(6) Any other reason that justified relief.

Fed. R. Civ. P. 60(b).

Insight's claims were disposed of via the Summary Judgment—which now has been affirmed on appeal. The only remaining issue for this Court's determination was NAS' remanded claim for attorneys' fees. However, the settlement between NAS and Insight fully resolved the corresponding award of attorneys' fees issued pursuant to 12 O.S. § 936. Consequently, all outstanding claims by and between NAS and Insight have been satisfied. For the reasons stated above, NAS and Insight respectfully request that the Court enter an order deeming the Court's Summary Judgment, Fee Order, and Appellate Judgment satisfied.

4

Respectfully submitted,


s/ Robert L. Magrini
Robert L. Magrini, OBA No. 12385
Tanner B. France, OBA No. 33171
**HAYES MAGRINI & GATEWOOD**
1220 North Walker
Oklahoma City, Oklahoma 73103
Telephone:    (405) 235-9922
Facsimile:    (405) 235-6611
E-Mail:        robert@hmglawyers.com
                tfrance@hmglawyers.com


*Attorneys for Defendant/Third-Party Plaintiff,
North American Specialty Insurance Company*


and


s/ Michael Albright
P. Scott Hathaway
Michael Albright
**CONNER & WINTERS, LLP**
4000 One Williams Center
Tulsa, Oklahoma 74172
shathaway@cwlaw.com
malbright@cwlaw.com

*Attorneys for Plaintiff, Insight Investments, LLC.*

5

## <u>CERTIFICATE OF MAILING</u>

I hereby certify that on March 2, 2026, the foregoing document was e-mailed to:

P. Scott Hathaway
Isaac R. Ellis
Michael Albright
**CONNER & WINTERS, LLP**
4000 One Williams Center
Tulsa, Oklahoma 74172
shathaway@cwlaw.com
iellis@cwlaw.com
malbright@cwlaw.com

Scott R. Hoyt
**PIA ANDERSON MOSS HOYT, LLC**
904 Meadow Lane
Southlake, Texas 76092
SHoyt@pamhlaw.com

Tina L. Izadi
Attorney for Sasha M. Bell
**IZADI LAW GROUP**
16354 Muirfield Place, Suite B
Edmond, Oklahoma 73013
tizadi@izadilaw.com

Joyce W. Lindauer
**JOYCE W. LINDAUER, PLLC**
1412 Main Street, Suite 500
Dallas, Texas 75202
joyce@joycelindauer.com

*s/ Robert L. Magrini*
Robert L. Magrini

6