UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

INSIGHT INVESTMENTS, LLC,    )
    )
    **Plaintiff,**    )
    )
v.    )    **Case No. CIV-20-788-G**
    )
NORTH AMERICAN SPECIALTY    )
INSURANCE COMPANY,    )
    )
    **Defendant.**    )
_____    )
    )
NORTH AMERICAN SPECIALTY    )
INSURANCE COMPANY,    )
    )
    **Third-Party Plaintiff,**    )
    )
v.    )
    )
SASHA M. BELL,    )
    )
    **Third-Party Defendant.**    )

## ORDER

On September 20, 2024, the Court granted summary judgment to Third-Party Plaintiff North American Specialty Insurance Company ("NASIC") on NASIC's claim for breach of contract against Third-Party Defendant Sasha M. Bell.  *See* Order of Sept. 20, 2024 (Doc. No. 213) at 3-14; Def.'s Third-Party Compl. ¶¶ 16-21 (Doc. No. 34).  The Order concluded: "[NASIC] is entitled to summary judgment . . . in the amount of $387,204.45."  Order of Sept. 20, 2024, at 14.

Now before the Court is Third-Party Plaintiff NASIC's Motion for Final Judgment (Doc. No. 234), requesting the entry of judgment on the breach-of-contract claim in

accordance with that Order pursuant to Rule 58(a) of the Federal Rules of Civil Procedure.[1]

NASIC also requests that its judgment in its favor against Third-Party Defendant Bell "be reduced to $316,877.20, which equals the principal amount of the payment bond claims paid by [NASIC]." *Id.* at 4. NASIC represents Third-Party Bell does not oppose the relief sought. *See id.*

As NASIC's request is unopposed and is well supported by the record, the Court hereby GRANTS the Motion for Final Judgment (Doc. No. 234) and exercises its discretion to revise its determination in the Order of September 20, 2024, as to the amount of damages awarded. *See* Fed. R. Civ. P. 54(b); *see also Rodeman v. Foster*, 767 F. Supp. 2d 1176, 1188 (D. Colo. 2011). Final judgment on the relevant claim shall be entered separately in the amount requested by NASIC. *See* Fed. R. Civ. P. 56(a), 58(a), (d).[2]

IT IS SO ORDERED this 18th day of March, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] All other claims raised by NASIC against Bell have been dismissed with prejudice. *See* Third-Party Stipulation (Doc. No. 233-1).

[2] NASIC's request for postjudgment interest is governed by federal statute. *See Hosier v. Citigroup Global Mkts., Inc.*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012) ("Under [28 U.S.C.] § 1961, post-judgment interest is mandatory and cannot be withheld by a district court or set by the court at a rate different from the rate specified by the statute.").